## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JESS GONZALEZ,** | |
| **Plaintiff,** | **Civil No.** |
| -against- | |
| **APPLE INC.; APPLE COMPUTER, INC.; and/or JOHN DOE #1-10 fictitious; ABC ENTITIES fictitious,** | |
| **Defendants.** | |

### NOTICE OF REMOVAL

TO:   Clerk of Court, United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, New Jersey 08101

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Apple Inc. ("Apple") (improperly pleaded as "Apple Computer, Inc.") hereby removes to this Court the above-captioned action, pending as docket number CAM-L-000759-22 in the Superior Court of New Jersey, Camden County.  As its basis for removal, Apple states as follows:

### BACKGROUND

1.     This action was commenced on March 24, 2022, when Plaintiff Jess Gonzalez ("Plaintiff") filed her Complaint in the New Jersey Superior Court, Camden County under docket number CAM-L-000759-22 on March 24, 2022.  *See* Compl., attached as Exhibit A.

2.     The Complaint alleges that Plaintiff sustained "severe" and "serious permanent bodily injuries" to her wrist as a result of an allegedly defective Apple Watch.  *See, e.g.,* Ex. A, at ¶ 5.

3.      The Complaint further alleges that as a result of her injuries, Plaintiff "will require medical treatment, incur lost wages, and will be permanently disabled from her ordinary life activities." *See* Ex. A.

4.      Apple was served with a copy of the Summons and Complaint on April 8, 2022.

## THE PARTIES

5.      Apple is, and was at the time this action was commenced, a California corporation with its principal place of business in Cupertino, California.  Apple Computer, Inc. is the former corporate name of Apple Inc.

6.      According to the Complaint, Plaintiff resides at 913 N. 5th Street, Camden, NJ. *See* Ex. A.  An April 19, 2022 search of a public database on LEXIS confirms that Plaintiff currently resides at that address. *See* Ex. B.  The LEXIS search did not reveal any other addresses for Plaintiff.

## BASIS OF REMOVAL

7.      This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332. This is a civil action between citizens of different states where the amount in controversy exceeds $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332.

8.      There is complete diversity among the parties:  Plaintiff is a citizen of New Jersey, and Apple is a citizen of California.

9.      "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441.

10.     The amount in controversy requirement is satisfied because Plaintiff alleges severe and permanent injuries.[1]  *Shore Options Inc. v. Great Am. Ins. Grp. & ABC Corps.*, No. CV 20-03835 (RBK/JS), 2020 WL 5627211, at *3 (D.N.J. Sept. 21, 2020) (citing *Briggs v. Target Corp.*, No. 14-7165, 2015 WL 1145127, at *4 (D.N.J. Mar. 13, 2015)); *Clark v. J.C. Penny*, No. 08–4083, 2009 WL 1564175, at *3–4 (D.N.J. June 1, 2009); *see Fields v. Zubkov*, No. 08–2016, 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008)) ("This court has on many occasions held that personal injury cases alleging 'severe and permanent' injuries will be removable absent proof to a 'legal certainty' that the amount in controversy cannot exceed $75,000.").

11.     This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), as it has been fewer than 30 days since Apple was served with the Complaint, which is the "initial pleading setting forth the claim for relief upon which [the instant action] is based."  28 U.S.C. § 1446(b)(1). Moreover, one year has not expired since the commencement of the Camden County action.  *Id.*

12.     Venue is proper pursuant to 28 U.S.C. § 1441(a), as this is the federal district court for the district embracing the place where the state court suit is pending.  28 U.S.C. § 1441(a).

13.     Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibit A are true and correct copies of the Complaint and Civil Case Information Sheet that were served upon Apple. Apple has received no other documents in this case, has not served or filed an answer or other response to the Complaint in the New Jersey Superior Court prior to removal, and is not aware of any pending motions filed in that court.

14.     This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

---

[1] While Apple maintains that Plaintiff's allegations satisfy the amount in controversy requirement of 28 U.S.C. § 1332, Apple does not concede and expressly denies that Plaintiff is entitled to any damages and reserves all rights and defenses to Plaintiff's claims in this matter.

15.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel of record for Plaintiff and filed with the Clerk of the New Jersey Superior Court, Camden County.

16.     WHEREFORE, notice is given that this action is removed from the Superior Court for the State of New Jersey, Camden County, to the United States District Court for the District of New Jersey, Camden Vicinage.

Dated:  May 4, 2022

Respectfully submitted,

Sills Cummis & Gross P.C.
One Riverfront Plaza
Newark, NJ 07102
(973) 643-5877
brose@sillscummis.com


By: *s/ Beth S. Rose*
        Beth S. Rose
        *Attorneys for Defendant*
        *Apple Inc.*

EXHIBIT A

DuBOIS, SHEEHAN, HAMILTON & LEVIN
Mark V. Oddo, Esquire
511 Cooper Street
Camden, NJ 08102
(609) 365-7665
Attorney for Plaintiff
ID#001001983

| **JESS GONZALEZ** | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION-CAMDEN COUNTY |
| **Plaintiff(s)** | DOCKET NO.: CAM- L-759-22 |
| v | CIVIL ACTION |
| | SUMMONS |
| **APPLE INC.; APPLE COMPUTER, INC.; and/or JOHN DOE #1-10 fictitious; ABC ENTITIES (1-10) fictitious** | |
| **Defendants.** | |

**FROM THE STATE OF NEW JERSEY,**
**TO THE ABOVE-NAMED DEFENDANT:** APPLE, INC. and/'or APPLE COMPUTER, INC.

*The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this Summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's Attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.*

*If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.*

*If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided. If you are not a resident of the State of New Jersey, you may call the appropriate agency in the county in which this action is pending:* Camden County, New Jersey.

Dated: 4/13/2022

*MICHELLE M. SMITH*
MICHELLE M. SMITH
*Clerk of the Superior Court*

**Name of Defendant to be served: :** **APPLE, INC. and/or APPLE COMPUTER INC.**
**Address of Defendant to be served:** C/O CT CORPORATION SYSTEM
820 Bear Tavern Road, West Trenton NJ 08628

MARK V. ODDO, ESQUIRE - NJ ATTORNEY ID – 001001983
DUBOIS SHEEHAN HAMILTON LEVIN & WEISSMAN LLC.
ATTORNEYS AT LAW
511 COOPER STREET
CAMDEN NJ 08102
(856) 365-7665
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| JESS GONZALEZ | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-CAMDEN COUNTY |
| Plaintiff, | Docket No. |
| v. | CIVIL ACTION |
| APPLE INC.; APPLE COMPUTER INC.;<br>JOHN DOE (1-10) fictitious; ABC ENTITIES<br>(1-10) fictitious | COMPLAINT AND JURY DEMAND,<br>DEMAND FOR INITIAL DISCOVERY,<br>AND SUBPOENAED RECORDS<br>REQUEST |
| Defendants. | |

The plaintiff, Jess Gonzalez, residing at 913 N. 5th Street, City of Camden, Camden

County, New Jersey, says:

## COUNT ONE – PRODUCT LIABILITY

1. Plaintiff repeats all of the allegations of all of the preceding allegations of this
Complaint.

2. Defendants, APPLE INC.; APPLE COMPUTER INC; JOHN DOE (1-10) fictitious;

ABC ENTITIES (1-10) fictitious hereinafter "Defendants") are domestic and/or foreign corporations

and/or domestic and/or foreign business entity and were at all relevant times authorized to and did in

fact transact business in New Jersey.

3. Defendant(s) at all times relevant hereto, manufactured, supplied, distributed and/or

sold a certain Apple Watch (hereinafter "the product") to plaintiff, and the general public.

4.     The product was sold and/or supplied and/or distributed to plaintiff at the Apple Store located in Cherry Hill, New Jersey.

5.     Defendant knew of the intended use of its product.

6.     On or about March 25, 2020, the product, while still in its original condition, was applied to an intended and foreseeable use by plaintiff namely a wristwatch and was reasonably expected to function properly.

7.     At the time the product left the control of defendants, it was unfit, unsafe and unsuitable for its intended and foreseeable uses.

8.     The product manufactured, supplied, distributed and/or sold by defendant was defective for the following reasons:

　　　　　a)     The product was inadequately designed, manufactured, distributed, tested and/or inspected;

　　　　　b)     The product contained inadequate warnings or instructions concerning the characteristics of the product; and

　　　　　c)     The product that was placed in the stream of commerce was unfit, unsafe and unsuitable for all foreseeable users.

9.     As a proximate result of defendant's defective product, plaintiff sustained injuries including but not limited to severe wrist injury and other injuries and will require medical treatment, incur lost wages and will be permanently disabled from her ordinary life activities.

**WHEREFORE,** the plaintiff, Jess Gonzalez, demands judgment against defendants, APPLE INC.; APPLE COMPUTER INC; JOHN DOE (1-10) fictitlous; ABC ENTITIES (1-10) fictitlous; for compensatory and punitive damages, interest, attorney's fees, and costs of suit.

## COUNT TWO - NEGLIGENCE

1.     Plaintiff repeats all of the allegations of all of the preceding counts of this Complaint.

2.     Defendant manufactured, supplied, distributed, sold, installed, maintained, or serviced the product.

3.     Defendants, APPLE INC.; APPLE COMPUTER INC; JOHN DOE (1-10) fictitious; ABC ENTITIES (1-10) fictitious were negligent in the manner in which it/they manufactured, supplied, distributed, sold, installed, maintained, or serviced the product.

4.     As a proximate result of the negligence of all defendants, plaintiff sustained injuries including but not limited to a wrist injury and other injuries and will require medical treatment, incur lost wages and will be permanently disabled from her ordinary life activities.

**WHEREFORE,** the plaintiff, Jess Gonzalez, demands judgment against defendants APPLE INC.; APPLE COMPUTER INC; JOHN DOE (1-10) fictitious; ABC ENTITIES (1-10) fictitious, for compensatory and punitive damages, interest, attorney's fees, and costs of suit.

<u>**COUNT THREE**</u>

1.     Plaintiff, Jess Gonzalez, repeats the General Allegations and those contained in the First and Second Counts of the Complaint and makes them a part hereof.

2.     The Defendants, in connection with business activities aforementioned, knew or had reason to know of the intended use of said product together with component parts and expressly and impliedly represented by warranty that said product and/or component parts which the Defendants designed, manufactured, inspected, assembled, installed, tested, sold, leased, rented, and/or distributed, would be reasonably fit for the purpose for which intended to be used and that said and/or component parts were of a merchantable quality and free from defects of design and/or manufacture or other defects, faults or shortcomings.

3.      The Plaintiff, Jess Gonzalez, relied on the skill and judgment of the Defendants, and representations and warranties in the purchase and/or use of said product and/or component parts.

4.      Defendants breached said expressed and implied warranties given to the Plaintiff and others similarly situated in that the said product and/or component parts were designed, manufactured, assembled, inspected, installed, maintained, tested, sold, leased, rented, and/or distributed in a defective, dangerous, unsafe, unsound, unsuitable and unworkmanlike condition and were further unfit for the purposes intended and not of merchantable quality.

5.      On or about March 25, 2020, as a direct and proximate cause of the Defendants' breach of expressed and implied warranties, the Plaintiff, Jess Gonzalez sustained serious permanent bodily injuries while said as more particularly set forth in the First and Second Counts of the within Complaint.

WHEREFORE, Plaintiff, Jess Gonzalez, demands Judgment for damages generally against all Defendants, APPLE INC.; APPLE COMPUTER INC JOHN DOE (1-10) fictitious; ABC ENTITIES (1-10) fictitious individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## COUNT FOUR

1.      Plaintiff, Jess Gonzalez, repeats the General Allegations and those contained within the First, Second and Third Counts of this Complaint and makes them a part hereof.

2.      The said product and/or component parts were expected to and did reach the usual consumer, specifically, the Plaintiff, Jess Gonzalez, without substantial change in the condition in which manufactured and sold. At the time of manufacture and sale, the product and/or

component parts were in a defective condition which was dangerous to users, to the general public, and in particular to the Plaintiff, Jess Gonzalez.

     3.     On or about March 25, 2020, the aforementioned product and/or component parts were in a defective condition and were inherently dangerous.

     4.     As a direct and proximate result of the defective and inherently dangerous condition of said product, and/or component parts the Plaintiff, Jess Gonzalez sustained serious permanent injuries, more particularly set forth in the First, Second and Third Counts of this Complaint.

     5.     At the time of the occurrence herein, said product and/or component parts were being used for the purposes and in the manner for which normally intended.

     6.     The Plaintiff, Jess Gonzalez, could not by the exercise of reasonable care have discovered the defects herein mentioned and/or perceived their danger.

     7.     The Defendants, while regularly engaged in the business activities aforementioned, designed, manufactured, assembled, maintained, inspected, tested, installed, sold and/or distributed the said product and/or component parts in a defective condition, unreasonably dangerous to the user or consumer, and to the Plaintiff, Jess Gonzalez, in particular, in violation of section 402A of the Restatement of Torts (2nd).

     8.     By reason of the foregoing, the Defendants actions are subject to strict liability in tort for the injuries which Plaintiff, Jess Gonzalez, suffered as a result of the defective condition of said product and/or component parts.

WHEREFORE, Plaintiff, Jess Gonzalez, demands Judgment for damages generally against all Defendants, APPLE INC.; APPLE COMPUTER INC; JOHN DOE (1-10) fictitious; ABC ENTITIES (1-10) fictitious individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## COUNT FIVE

1.      Plaintiff, Jess Gonzalez, repeats the General Allegations and those contained within the First through Fourth Counts of this Complaint and makes them a part hereof.

2.      The said product and/or component parts which were designed, manufactured, maintained, inspected, installed, assembled, tested, sold, and/or distributed by the Defendants, not reasonably fit, suitable or safe for their intended purpose in that they deviated from design specifications, formulae or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae and/or failed to contain adequate warnings or instructions and/or were designed in a defective manner in violation of N.J.S.A. 2A:58C et. seq.

3.      As a result of the aforesaid conduct of the Defendants, the Plaintiff, Jess Gonzalez, sustained serious permanent bodily injuries, was caused to suffer severe mental anguish, has been caused to expend large sums of money for medical treatment, and has been caused and will be caused to lose large sums of money due to inability to conduct usual occupation.

WHEREFORE, Plaintiff, Jess Gonzalez, demands Judgment for damages, including punitive damages, generally against the Defendants, APPLE INC.; APPLE COMPUTER INC; JOHN DOE (1-10) fictitious; ABC ENTITIES (1-10) fictitious individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## COUNT SIX

1.     Plaintiff, Jess Gonzalez, repeats the General Allegations and those contained in the First through Fifth Counts of this Complaint and makes them a part hereof.

2.     The Defendants, knew or had reason to know of the intended use of said product and/or component parts and expressly and impliedly warranted that said product and/or components parts would be reasonably fit for intended purpose.

3.     Defendants, breached said expressed and implied warranties given to the Plaintiff and others similarly situated in that said product and/or components parts were designed, manufactured, assembled, inspected, installed, tested, and/or otherwise distributed in a defective, dangerous, unsafe, unsound, unsuitable and unworkmanlike condition and were further unfit for the purposes intended and not of merchantable quality, in violation of the Magnuson-Moss Warranty--Federal Trade Commission Improvement Act at 15 U.S.C.A. §2310 et. seq.

4.     Under the Magnuson-Moss Warranty Act, the Court of has jurisdiction pursuant to 15 U.S.C.A. §2310(d)(1).

5.     As a result of the aforesaid conduct of the Defendants, the Plaintiff, Jess Gonzalez, sustained serious permanent bodily injuries, was caused to suffer severe mental anguish, has been caused and will be caused to expend large sums of money for medical treatment, and has been caused and will be caused to lose large sums of money due to inability to conduct usual occupation.

WHEREFORE, Plaintiff, Jess Gonzalez, demands Judgment for damages, including punitive damages, generally against all the Defendants, individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## COUNT SEVEN

1.　　Plaintiff, Jess Gonzalez, repeats the General Allegations and those contained in the First through Sixth Counts of this Complaint and makes them a part hereof.

2.　　The Defendants, knew or had reason to know prior to of instances of defective functioning of the type of product and/or component parts which the Defendants designed, manufactured, installed, inspected, assembled, tested, sold, and/or distributed and which Plaintiff, Jess Gonzalez used on March 25, 2020.

3.　　The Defendants, negligent, careless, willful, wanton, malicious, and reckless in failing to warn consumers, including Plaintiff, Jess Gonzalez, that the product and/or components parts were defective, insufficiently tested and had a history of malfunctioning.

4.　　The Defendants, negligent, careless, willful, wanton, malicious and reckless in failing to recall the product and/or components parts after learning of their defective functioning.

5.　　As a result of the aforesaid conduct of the Defendants, the Plaintiff, Jess Gonzalez, while using said product and/or component parts sustained serious permanent bodily injuries more particularly set forth in the First Count of the within Complaint.

WHEREFORE, Plaintiff, Jess Gonzalez, demands Judgment for damages, including punitive damages, generally against all the Defendants, individually, jointly, severally, or in the alternative, together with interest and costs of suit.

## COUNT EIGHT

1.　　Plaintiff, Jess Gonzalez, repeats the General Allegations and those contained in the First through Seventh Counts of this Complaint and makes them a part hereof.

2.      The Defendants, knowingly concealed, suppressed and/or omitted information regarding defective functioning and inherent danger of the type of product and/or component parts purchased by the Plaintiff, Jess Gonzalez, in violation of the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-1 et. seq.).

3.      As a result of the aforesaid conduct of the Defendants, the Plaintiff, Jess Gonzalez, while using said product with component parts, sustained serious permanent bodily injuries more particularly set forth in the First Count of the within Complaint.

WHEREFORE, Plaintiff, Jess Gonzalez, demands Judgment for damages, including treble damages, generally against all the Defendants, individually, jointly, severally, or in the alternative, together with attorney's fees, filing fees, and reasonable costs of suit.

## COUNT NINE – PUNITIVE DAMAGES

1.      Plaintiff repeats all of the allegations of all of the preceding Counts of this Complaint.

2.      The acts and/or omissions of defendants, APPLE INC.; APPLE COMPUTER INC; JOHN DOE (1-10) fictitious; ABC ENTITIES (1-10) fictitious which caused injury to plaintiff were performed or omitted volitionally, with knowledge of the existence of a probability of risk of injury to members of the public and/or defendant wantonly and willfully disregarded the safety of the users of its product, including plaintiff with reckless disregard of that risk.

WHEREFORE, the plaintiff, Jess Gonzalez, demands judgment against defendants APPLE INC.; APPLE COMPUTER INC,; JOHN DOE (1-10) fictitious; ABC ENTITIES (1-10) fictitious for punitive damages, interest, attorney's fees, and costs of suit.

DUBOIS, SHEEHAN, HAMILTON, LEVIN & WEISSMAN LLC
Attorneys for Plaintiffs

BY: MARK V. ODDO, ESQUIRE

Date: 3/20/22

## NOTICE OF PRESERVATION

PLEASE TAKE NOTICE that plaintiff hereby demands that the product which is the subject of this lawsuit, including each and every component part incorporated into the product, be maintained in its immediate post-accident condition. If the product cannot be so maintained, then defendant shall notify plaintiff and allow plaintiff to take possession of the product in order to preserve the product from deterioration. Regardless of who possesses the product, no destructive testing shall be done to the product and it shall not be destroyed, altered or discarded in any manner until this litigation is concluded or by Order of the Court with Notice to all interested persons, entities or parties. Failure to comply with this Notice of Preservation will result in a motion for judgment and sanctions for spoliation of evidence.

DUBOIS, SHEEHAN, HAMILTON, LEVIN & WEISSMAN LLC
Attorneys for Plaintiffs

By: MARK V. ODDO, ESQUIRE

Date: 3/20/22

## DEMAND FOR COMPLIANCE WITH RULES 1:5-1(a) AND 4:17-4(c)

**TAKE NOTICE** that the undersigned attorney, counsel for the plaintiff, hereby demands, pursuant to the provisions of Rules 1:5-1(a) and 4:17-4(a), that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of all such pleadings, interrogatories, and responses thereto upon the undersigned, and further

**TAKE NOTICE** that this is a continuing demand.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff hereby demands that Defendants provide answers to interrogatories as follows:

FORM C(1) and C(4), as set forth in Appendix II of the New Jersey Court Rules, and SUPPLEMENTAL INTERROGATORIES.

## NOTICE OF OTHER ACTIONS

Pursuant to the provisions of $R_1$ 4:5-1, I hereby certify as follows:

1. The matter in controversy is neither the subject of any other action pending in any other court nor of a pending arbitration proceeding.

2. It is not anticipated that the matter in controversy will become the subject of any other action pending in any other court or of a pending arbitration proceeding.

3. All parties who should have been joined in this action have been so joined.

I hereby certify that the foregoing statements I have made are true. I am aware that if any of the statements I have made are willfully false, I am subject to punishment.

## DESIGNATION OF TRIAL ATTORNEY

**PLEASE TAKE NOTICE** that pursuant to the provisions of the Rules Governing the Courts of the State of New Jersey, Mark V. Oddo, Esquire, is hereby designated as the attorney who will try this case.

## DEMAND FOR TRIAL BY JURY

**PLEASE TAKE NOTICE** that plaintiff demands a trial by jury as to all issues pursuant to the Rules of this Court.

DUBOIS, SHEEHAN, HAMILTON, LEVIN & WEISSMAN LLC
Attorneys for Plaintiffs

By: MARK V. ODDO, ESQUIRE

Date: 3/20/22

EXHIBIT B



**1 OF 1 RECORD(S)**

FOR INFORMATIONAL PURPOSES ONLY
Copyright 2022 LexisNexis
a division of Reed Elsevier Inc. All Rights Reserved.

Date:4/19/2022
Report processed by:
Sills Cummis & Gross P.C.

| **Full Name** | **Address** | **County** | **Phone** |
|---|---|---|---|
| GONZALEZ, JESS | 913 N 5TH ST | CAMDEN | None Listed |
| | CAMDEN, NJ 08102-2511 | | |
| | CAMDEN COUNTY | | |

### ADDITIONAL PERSONAL INFORMATION

| **SSN** | **DOB** | **Gender** | **LexID(sm)** | **Email** |
|---|---|---|---|---|
| ███████ | ████ | | 238957610584 | ██████████ |

**Subject Summary**

**Name Variations**
1:   GONZALEZ, JESS

**SSNs Summary**

| No. | SSN | State Iss. | Date Iss. | Warnings |
|---|---|---|---|---|
| | | | Most frequent SSN attributed to subject: | |
| 1: | ██████ | New Jersey | 2000-2002 | |

**DOBs**
**Reported DOBs:**
██████

**Others Using SSN - 0 records found**
**Address Summary - 1 records found**

| No. | Address |
|---|---|
| 1: | 913 N 5TH ST |
| | CAMDEN, NJ 08102-2511 |
| | CAMDEN COUNTY |

**Address Details**
**1: 913 N 5TH ST CAMDEN, NJ 08102-2511**

| **Address** | **Dates** | **Phone** |
|---|---|---|
| 913 N 5TH ST | 4/2020 - 4/2020 | |
| CAMDEN, NJ 08102-2511 | | |
| CAMDEN COUNTY | | |

**Census Data for Geographical Region**
Median Head of Household Age: 38
Median Income: ██████
Median Home Value: ██████
Median Education: 11 years
**Household Members**
GONZALEZ, EDWIN
GONZALEZ, JOSE L
GONZALEZ, JULIO A

GONZALEZ, RUTH J
ORTIZ, RUTH E

**Other Associates**
None Listed

**Voter Registrations - 0 records found**
**Driver Licenses - 0 records found**
**Professional Licenses - 0 records found**
**Health Care Providers - 0 records found**
**Health Care Sanctions - 0 records found**
**Pilot Licenses - 0 records found**
**Sport Licenses - 0 records found**
**Weapon Permits - 0 records found**
**Real Property - 0 records found**
**Motor Vehicle Registrations - 0 records found**
**Boats - 0 records found**
**Aircraft - 0 records found**
**Bankruptcy Information - 0 records found**
**Judgments/Liens - 0 records found**
**UCC Liens - 0 records found**
**Fictitious Businesses - 0 records found**
**Notice Of Defaults - 0 records found**
**Potential Relatives - 9 records found**
1st Degree: 9

| No. | Full Name | Address/Phone |
|---|---|---|
| 1. | GONZALEZ, JULIO A<br><br>• AKA GONZALES, JULIO | 707 BAILEY ST<br>CAMDEN, NJ 08102-1817<br><br>913 N 5TH ST<br>CAMDEN, NJ 08102-2511<br><br>823 YORK ST<br>CAMDEN, NJ 08102-1718<br><br>2822 BERKLEY ST<br>CAMDEN, NJ 08105-2828<br><br>721 BAILEY ST<br>CAMDEN, NJ 08102-1817 |
| 2. | GONZALEZ, RUTH J<br><br>• AKA ORTIZ, JUDY<br>• AKA GONZALES, RUTH J<br>• AKA GONZALEZ, R<br>• AKA GONZALEZ, RUTH J<br>• AKA ORTIZ, RUTH<br>• AKA GONZALES, RUTH J<br>• AKA GONZALEZ, RUTH JA<br>• AKA GONZALEZ, RUTH J<br> | 418 WEST ST<br>CAMDEN, NJ 08103-3415<br><br>913 N 5TH ST<br>CAMDEN, NJ 08102-2511<br><br>707 BAILEY ST APT<br>CAMDEN, NJ 08102-1817<br><br>637 BAILEY ST<br>CAMDEN, NJ 08102-1815<br><br>708 BAILEY ST<br>CAMDEN, NJ 08102-1818 |

| No. | Full Name | Address/Phone |
|-----|-----------|---------------|
| 3. | ORTIZ, RUTH E | 913 N 5TH ST<br>CAMDEN, NJ 08102-2511 |
| | • AKA ORTIS, RUTH E<br>• AKA GONZALEZ, RUTH | 708 BAILEY ST<br>CAMDEN, NJ 08102-1818 |
| | ███████████ | 718 BAILEY ST<br>CAMDEN, NJ 08102-1818 |
| | | 637 BAILEY ST<br>CAMDEN, NJ 08102-1815 |
| | | 707 BAILEY ST<br>CAMDEN, NJ 08102-1817<br>████████████ |
| 4. | GONZALEZ, EDWIN | 913 N 5TH ST<br>CAMDEN, NJ 08102-2511 |
| | • AKA GONZALEZ, EDWIN | 1718 MASTER ST<br>CAMDEN, NJ 08104-3429 |
| | ███████████ | 1228 LANSDOWNE AVE<br>CAMDEN, NJ 08104-1212 |
| | | 708 BAILEY ST<br>CAMDEN, NJ 08102-1818 |
| | | 707 BAILEY ST APT<br>CAMDEN, NJ 08102-1817<br>████████████ |
| 5. | GONZALEZ, JOSE L | 913 N 5TH ST<br>CAMDEN, NJ 08102-2511 |
| | ███████████ | 12 WILLET CT<br>SICKLERVILLE, NJ 08081-1318 |
| 6. | GONZALEZ, GABRIEL R | 10519 75TH ST APT 2F<br>OZONE PARK, NY 11417-1051 |
| | • AKA GONZALES, GABRIEL | 932 KIMBER ST<br>CAMDEN, NJ 08102-1020<br>████████████ |
| | ███████████ | 847 BAILEY ST APT 304<br>CAMDEN, NJ 08102-1753 |
| | | 9313 93RD AVE APT 2FL<br>WOODHAVEN, NY 11421-2704 |
| | | 876 HADDON AVE<br>CAMDEN, NJ 08103-2727 |
| 7. | GONZALES, JENNIFER R | 1020 S 5TH ST<br>CAMDEN, NJ 08103-2010 |

| No. | Full Name | Address/Phone |
|---|---|---|
| | • AKA GONZALEZ, JENNIFER R<br>• AKA GONZALES, JENNIFFER R | 530 S 3RD ST APT A<br>CAMDEN, NJ 08103-3336 |
| | ███████ | 721 BAILEY ST<br>CAMDEN, NJ 08102-1817 |
| 8. | GONZALEZ, CLAYTON | 2718 HAYES AVE<br>CAMDEN, NJ 08105-3910<br>███████ |
| | ███████ | 8438 HAINES RD<br>PENNSAUKEN, NJ 08110-3316 |
| | | 769 PINE ST<br>CAMDEN, NJ 08103-2448 |
| | | 618 WEST ST<br>CAMDEN, NJ 08103-3514 |
| | | 506 N 32ND ST APT 2<br>CAMDEN, NJ 08105-1541 |
| 9. | GONZALEZ, CIRILLO | RR 1 BOX O<br>TOA ALTA, PR 00953-9800 |
| | ⚠ Deceased<br>• AKA GONZALES, CIRILO<br>• AKA GONZALEZ, CIRILO<br>• AKA GONZALEZ, CIRILLO | 28 N 28TH ST<br>CAMDEN, NJ 08105-2402 |
| | | 2049 WESTMINSTER AVE<br>CAMDEN, NJ 08105-2013 |
| | ███████ | 823 YORK ST<br>CAMDEN, NJ 08102-1718 |

**Business Associates - 0 records found**
**Person Associates - 1 records found**

| No. | Full Name | Address | SSN | Phone | DOB |
|---|---|---|---|---|---|
| 1: | ORTIZ, FELIX E<br>EORTIZ, FELIX | 721 BAILEY ST<br>CAMDEN, NJ 08102-1817 | ███████ | ███████ | |
| | | 625 N 8TH ST<br>CAMDEN, NJ 08102-1851 | | | |
| | | 823 YORK ST<br>CAMDEN, NJ 08102-1718 | | | |
| | | 708 BAILEY ST<br>CAMDEN, NJ 08102-1818 | | | |
| | | 28 N 28TH ST<br>CAMDEN, NJ 08105-2402 | | | |

**Neighbors - 1 records found**
**913 N 5TH ST CAMDEN, NJ 08102-2511**

| Name | Address | Phone |
|---|---|---|
| MORTON, ROSE D | 903 N 5TH ST<br>CAMDEN, NJ 08102-2511 | |

**Employment Locator - 0 records found**
**Criminal Filings - 0 records found**
**Sexual Offenders - 0 records found**
**Cellular & Alternate Phones - 0 records found**
**Utility Information - 0 records found**
**Possible Education - 1 records found**
**1:**

**Student Information**

|  |  |
|---:|:---|
| **Name:** | GONZALEZ, JESS |
| **SSN:** | ▮▮▮▮▮▮▮ |
| **DOB:** | ▮▮▮▮▮▮ |
| **LexID(sm):** | 238957610584 |
| **First Reported:** | 11/03/2020 |
| **Last Reported:** | 01/12/2022 |
| **High School Graduation Year:** | 2018 |
| **Phone:** | None Listed |
| **Address:** | 913 N 5TH ST |
|  | CAMDEN, NJ 08102-2511 |
| **Currently a Student?** | YES |
| **Attended High School:** | YES |
| **Years Since High School Graduation:** | 3 |
| **Attended College 1:** | YES |
| **College Type 1:** | Public |
| **College Description 1:** | Two Year College |
| **Attended College 2:** | YES |
| **College Type 2:** | Public |
| **College Description 2:** | Two Year College |

**Sources - 3 records found**

| | |
|:---|---:|
| **All Sources** | 3 Source Document(s) |
| **Email** | 2 Source Document(s) |
| **Historical Person Locator** | 1 Source Document(s) |

Key

⚠ High Risk Indicator. These symbols may prompt you to investigate further.

⚑ Moderate Risk Indicator. These symbols may prompt you to investigate further.

⚑ General Information Indicator. These symbols inform you that additional information is provided.

✓ The most recent telephone listing as reported by the EDA source.

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State.

Your DPPA Permissible Use: Litigation
Your GLBA Permissible Use: I have no permissible use

Copyright© 2022 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

**End of Document**