IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JESS GONZALEZ, | : |
| Plaintiff, | : |
| v. | : Civil No. 22-2617 (RBK/SAK) |
| APPLE INC., *et al.*, | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Apple Inc.'s ("Apple") Motion to Dismiss Counts II, III, VI, VII and VIII of Plaintiff's Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) ("Motion") (ECF No. 4). For the reasons set forth below, Apple's Motion is **GRANTED**.

    I.    BACKGROUND

This case involves allegations of injury caused by Apple's wristwatch product. (ECF No. 1, Ex. A ("Complaint"), at 2). The Complaint is vague as to the specifics of the alleged injuries or how they occurred, but Plaintiff alleges that, "[a]s a result of defendant's defective product, plaintiff sustained injuries including but not limited to severe wrist injury and other injuries" and plaintiff "will be permanently disabled from her ordinary life activities." (*Id.*).

Plaintiff filed the Complaint in New Jersey Superior Court on March 24, 2022 and served the Defendant with a copy of the Summons and Complaint on April 8, 2022. (ECF No. 1 at ¶¶ 1, 4). Defendant removed the case to federal court on May 4, 2022. (ECF No. 1). On May 25, 2022,

Defendant filed the instant Motion. In response to this Court's Order to Show Cause (ECF No. 6) after Plaintiff failed to oppose the Motion, Plaintiff filed a letter stating that "plaintiff does not object to the Court ordering the relief requested in defendant's motion so long as all claims under the New Jersey Liability Act remain alive." (ECF No. 7).

## II.    LEGAL STANDARD

Although Apple's Motion to Dismiss is unopposed (*see* ECF No. 7), this Court still must find an independent legal basis on which to grant it. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Wiggins v. MacManiman*, 698 Fed. App'x 42, 43 (3d Cir. 2017).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

Apple asks the Court to dismiss Count II (negligence), Count III (breach of express and implied warranties), Count VI (violation of the Magnuson-Moss Warranty Act ("MMWA")), Count VII (negligence), and Count VIII (violation of the Consumer Fraud Act ("CFA")) of Plaintiff's Complaint. Motion at 1. Apple argues Plaintiff's claims of negligence, implied warranty, and CFA claims should be dismissed because they are subsumed by the New Jersey Products Liability Act ("NJPLA"). *Id.* Apple argues Plaintiff's express warranty claim, while expressly excluded from subsumption under the NJPLA, N.J.S.A. 2A:58C-1(b)(3), should nonetheless be dismissed because Plaintiff fails to allege adequate facts to state a claim. *Id.* Finally, Apple argues Plaintiff's federal MMWA claim should be dismissed because Plaintiff fails to state a predicate state-law claim for express or implied warranty. *Id.* We address each argument in turn.

#### A. Subsumption Under the New Jersey Products Liability Act

In implementing the NJPLA, the Legislature intended "to limit the expansion of products-liability law" and "to limit the liability of manufacturers so as to balance[ ] the interests of the public and the individual with a view towards economic reality." *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 817 (D.N.J. 2019) (quoting *Zaza v. Marquess & Nell, Inc.*, 144 N.J. 34, 48 (1996)). To strike this balance, the NJPLA "established the sole method to prosecute a product liability action" and thus "effectively create[d] an exclusive statutory cause of action for claims falling within its purview." *Tirrell v. Navistar Int'l, Inc.*, 248 N.J. Super. 390, 398–99 (App. Div. 1991); *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991). As such, "the NJPLA generally subsumes common law product liability claims, thus establishing itself as the sole basis

of relief under New Jersey law available to consumers injured by a defective product." *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991).

The rule that the NJPLA subsumes almost all other causes of action stems from the language of the statute itself. Specifically, N.J.S.A. 2A:58C–2 states:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J.S.A. 2A:58C–2. Under the definition section of the statute, "harm" is defined as "(a) physical damage to property, other than to the product itself; (b) personal physical illness, injury or death; (c) pain and suffering, mental anguish or emotional harm; and (d) any loss of consortium or services or other loss deriving from any type of harm described in subparagraphs (a) through (c) of this paragraph." N.J.S.A. § 2A:58C-1(b)(2). From these provisions, courts have concluded that a claim is subsumed by the NJPLA if: (1) it is brought by a claimant for harm caused by a product, regardless of the theory underlying the claim; and (2) the harm suffered is of a type listed in the definitional section. *Hindermyer v. B. Braun Med. Inc.*, 419 F. Supp. 3d 809, 818 (D.N.J. 2019).

The NJPLA subsumes some claims of fraud, including certain claims under the Consumer Fraud Act ("CFA"). The New Jersey Supreme Court has held that, although "nothing about the PLA prohibits a claimant from seeking relief under the CFA for deceptive, fraudulent, misleading, and other unconscionable commercial practices," CFA claims "that sound in the type of products liability action defined in the PLA" are subsumed by the NJPLA and therefore "must be brought under the PLA." *Sun Chemical Corp. v. Fike Corp.*, 243 N.J. 319, 336–37, 339 (2020). To determine whether a CFA claim is subsumed by the NJPLA, a court must "determine whether the

theory pled on the facts presented, although denoted [as a CFA claim] [i]s in fact one of the three codified theories made exclusively actionable under the PLA." *Id.* If so, then the claim is "supplanted by the PLA" because "claims that sound in the type of products liability action defined in the NJPLA must be brought under the PLA." *Id.*

We agree with Defendant that the NJPLA subsumes Plaintiff's negligence, breach of implied warranty, and CFA claims. Plaintiff's claims of negligence and breach of implied warranty are based on alleged harm caused by Apple's product, and the harm alleged is of a type listed in the statute's definitional section, namely, a physical injury. *Hindermyer*, 419 F. Supp. 3d at 818; Complaint at Count II (negligence) ¶ 4, Count III (breach of implied warranty) ¶¶ 4–5, Count VII (negligence) ¶¶ 3–5.

Plaintiff's CFA claim is based on allegations that Defendant "knowingly concealed, suppressed, and/or omitted information regarding defective functioning and inherent danger" of the product purchased by Plaintiff. *Id.* at Count VIII (CFA) ¶ 2. These allegations fall under the claims covered by the NJPLA, namely, it is an allegation that Defendant "failed to contain adequate warnings or instructions" for a defective product. N.J.S.A. 2A:58C–2. Because Plaintiff's CFA claim "[i]s in fact one of the three codified theories made exclusively actionable under the PLA," that claim is also subsumed and must be dismissed. *Sun Chemical*, 243 N.J. 339.

Because they are subsumed by the NJPLA, Counts II, VII, and VIII of the Complaint are dismissed in their entirety, and the breach of implied warranty claim in Count III is also dismissed.

### B. Breach of Express Warranty

To state a claim for breach of express warranty under New Jersey law, a plaintiff must allege the following three elements: "(1) that Defendant made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the

5

basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 721 (D.N.J. 2011). Express warranty claims are not plausible when the plaintiff does not allege "the specific language or source of the alleged warranty." *Becker v. Smith & Nephew, Inc.*, No. 14-cv-5452, 2015 WL 268857, at *5 (D.N.J. Jan. 20, 2015) (citing *Schraeder v. Demilec (USA) LLC*, No. 12-cv-6074, 2013 WL 3654093, at *5 (D.N.J. July 12, 2013)); *Simmons v. Stryker Corp.*, No. 08-cv-3451, 2008 WL 4936982, at *2 (D.N.J. Nov. 17, 2008).

Here, Plaintiff alleges that Defendant "expressly . . . represented by warranty that said product[s] . . . were of a merchantable quality and free from defects . . . ." Complaint at Count III ¶ 2. However, the Complaint does not include the specific language Defendant used to make that alleged express warranty nor does it allege the source of the express warranty. Therefore, the breach of express warranty claim in Count III is not plausible and is dismissed for failure to state a claim.

### C.   Magnuson-Moss Warranty Act

The Magnuson-Moss Warranty Act (MMWA) provides a private right of action in federal court for consumers who are "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation . . . under a written warranty, [or] implied warranty." 15 U.S.C. § 2310(d)(1). An MMWA claim is coextensive with underlying state law warranty claims. *Volin v. General Electric Company*, 189 F.Supp. 3d 411, 421 (D.N.J. 2016) (*citing Cooper v. Samsung Elecs. Am., Inc.*, 374 Fed. Appx. 250, 254 (3d Cir. 2010)).

As discussed above, Plaintiff failed to state a claim for breach of express warranty under New Jersey law.  To state a claim for breach of implied warranty under New Jersey law, a plaintiff must allege that the product it purchased did not satisfy the implied warranty of

merchantability. *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 305, 311 (D.N.J. 2014). Under the Uniform Commercial Code, as adopted by New Jersey, an implied warranty of merchantability is "a warranty that the goods shall be merchantable [and] is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.J.S.A. § 12A:2–314(1). One definition of merchantability is that the goods are "fit for the ordinary purposes for which such goods are used." *Id.* § 12A:2–314(2)(c). A product may be unfit for its ordinary purpose where there are manufacturing defects, design defects, or inadequate instructions for use. *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 542 (D.N.J. 2011).

Apple argues Plaintiff fails to state a claim for breach of implied warranty because "Plaintiff fails to describe how the product was defective." Motion at 15. The Court agrees; indeed, Plaintiff fails to properly plead any of the elements of a breach of implied warranty. The Complaint contains only a recital of the elements, without allegations of what that ordinary purpose or intended use is, *see* Complaint at Count III ¶ 2, or in what way the product was defective, *see id.* at Count III ¶ 4. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Because Plaintiff fails to meet the Rule 8 pleading standard as to her breach of implied warranty claim, Plaintiff's MMWA cause of action lacks a predicate violation of state law and is therefore dismissed.

## IV. CONCLUSION

For the reasons expressed above, Defendant Apple's Motion to Dismiss Counts II, III, VI, VII and VIII of Plaintiff's Complaint is **GRANTED**. An Order follows.

Dated: 11/14/2022                                      /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge